## COCA *v.* GATELL.

QUESTION of jurisdiction between the Municipal Courts of Fajardo and Mayagüez.

No. 5.—Decided April 8, 1903.

JURISDICTION.—PERSONAL ACTION.—DOMICILE.—In a personal action on a contract whereof no written evidence exists, and where there is no submission of the parties, either express or implied, nor any place designated for the fulfillment of the contract, the domicile of the defendant shall determine the competency of the court to take cognizance of the action.

TESTIMONY OF WITNESSES TO DETERMINE JURISDICTION.—Testimony of witnesses as to submission taken in the absence of one of the parties while the question of jurisdiction is pending, cannot be considered for the purpose of determining jurisdiction.

### STATEMENT OF THE CASE.

Under date of September 28, 1901, Ulises Coca y Vidal filed a complaint in the Municipal Court of Fajardo, praying that summons be served upon Federico Gatell, a resident of Mayagüez, requiring his appearance at an oral hearing, and that said Gatell be required to pay the plaintiff the sum of three hundred twenty-five dollars and thirty-five cents, being the amount of the profits due him as manager of the farm "Nuevo Mayagüez", situated in barrio "Mameyes Segundo", municipality of Río Grande, and belonging to defendant.

The summons was issued as requested and a day was set for the hearing. Defendant filed a petition in the Municipal Court of Mayagüez asking that the Fajardo court be requested to decline jurisdiction of the case. The court after hearing the Fiscal, and in accordance with his opinion, granted the said petition by an order issued on the 6th of the said month, on the ground that the suit prosecuted against Federico Gatell was a personal one, it not appearing that any place had been designated for the fulfillment of the obligation, or that the defendant had expressly or by implication submitted to the jurisdiction of the Municipal Court

Juez Municipal de Fajardo, ni que éste sea competente por otro concepto.

*Resultando:* que recibido el oficio inhibitorio por el Juzgado Municipal de Fajardo, se acordó la suspensión del juicio principal y se dió vista al actor, quien impugnó la inhibición y propuso y se admitió una información testifical, de la cual resultó que varias personas presenciaron, como testigos, un contrato celebrado en el pueblo de Luquillo, entre el demandante y el demandado, para la administración de la finca cafetera ya indicada, y que en dicho contrato extrajudicial y por cláusula expresa renunciaba el Sr. Gatell el beneficio de domicilio y vecindad: en contra de lo que éste manifestó en su escrito proponiendo la inhibitoria, ó sea, que Coca Vidal fué á Mayagüez y celebró allí un contrato verbal á presencia de testigos y que en dicha Ciudad se practicó una liquidación de la que resultó que el demandado nada debía, y por medio de esa liquidación quedó perfeccionado el contrato en su domicilio de Mayagüez y cumplido en el mismo los efectos de aquél.

*Resultando:* que impugnada también la inhibición por el Fiscal Municipal, recayó auto por el que se declaró no haber lugar á ella por estar probado que Gatell se sometió expresamente al Juzgado de Fajardo, todo con vista de los artículos 56-57, regla 1ª del 62-536-749 caso 2º del 751-93 y 94 de la Ley de Enjuiciamiento Civil, y 1171 del Código Civil.

*Resultando:* que el Juzgado de Mayagüez desistió de la inhibitoria, pero, apelado el auto, la Corte de dicho Distrito lo revocó y ordenó al Juzgado que mantuviese la competencia suscitada y éste se limitó á remitir lo actuado á este Tribunal Supremo, como así también lo verificó el Juez Municipal de Fajardo.

Fiscal del Tribunal Supremo: *Sr. del Toro.*

Las partes no comparecieron.

EL JUEZ ASOCIADO SR. SULZBACHER, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

of Fajardo, or that it was for any other reason competent to entertain jurisdiction of the case.

Upon receipt of the said order, the Municipal Court of Fajardo postponed the trial of the main issue and granted a hearing to the plaintiff who opposed the issuance of an order by the court declining jurisdiction, and introduced several witnesses who testified that they had been present at the execution of an extrajudicial agreement entered into in the town of Luquillo between plaintiff and defendant for the administration of the aforesaid coffee plantation, in one of the clauses of which, Gatell expressly renounced the benefit of domicile and residence, which is in contradiction of the latter's statement contained in the petition to the effect that Coca Vidal had gone to Mayagüez and there entered into a verbal contract in the presence of witnesses, and that a liquidation having been made in the said city, it appeared therefrom that defendant did not owe plaintiff anything, and that by the said liquidation the contract was perfected at his residence in Mayagüez where the terms thereof were complied with.

The petition also having been opposed by the Municipal Fiscal, an order was issued dismissing same and declaring that Gatell had expressly submitted himself to the jurisdiction of the Fajardo court, in view of articles 56, 57, rule 1 of 62, 536, 549, paragraph 2 of article 751, 93 and 94 of the Law of Civil Procedure, and 1171 of the Civil Code. The Municipal Court of Mayagüez then withdrew its order, but on appeal to the District Court of said Judicial District, the former was ordered to maintain the disputed jurisdiction, whereupon the papers in the case were forwarded to the Supreme Court, by both of the aforesaid Municipal Courts.

*Mr. del Toro*, Fiscal of the Supreme Court.

The parties did not appear.

MR. JUSTICE SULZBACHER, after making the above statement of facts, rendered the following opinion of the court:

A personal action is here prosecuted for the fulfillment

*Considerando:* que se ejercita una acción personal para el cumplimiento de un contrato escrito y extraviado, según el actor, y verbal, según el demandado, del que no existe principio alguno de prueba escrita, y que no hay sumisión expresa, ni tácita, ni lugar designado en que aquélla haya de realizarse, no siendo de apreciar declaraciones testificales recibidas á espaldas del demandado y cuando estaba pendiente la actual cuestión de competencia, por lo que es evidente que el fuero del domicilio del demandado Gatell, en Mayagüez, es el único determinante de la competencia del Juez para conocer de la demanda contra el mismo formulada, con arreglo á lo dispuesto en los artículos 62 de la Ley procesal y 1171 del Código Civil; doctrina consignada en varias sentencias del Tribunal Supremo de España.

*Fallamos:* que debemos declarar y declaramos que el conocimiento de la enunciada demanda, entablada por Don Ulises Coca y Vidal contra Don Federico Gatell, corresponde al Juzgado Municipal de Mayagüez, al que se remitan, con la correspondiente certificación, y á los efectos procedentes, todas las actuaciones, participándose esta resolución al Juez Municipal de Fajardo, y siendo de oficio las costas causadas.

of a written contract which, according to the plaintiff had been lost, but which the defendant claims was a verbal one, and whereof no written evidence exists. No submission to the jurisdiction of any court, either express or implied, nor place designated for the fulfillment of said contract is proven, for the testimony of witnesses received in defendant's absence and while the question of competency was still pending, cannot be considered. The defendant's domicile, Mayagüez, is therefore the only one that should determine the competency of the court to take cognizance of the suit brought against him, pursuant to the provisions of articles 62 of the Law of Civil Procedure and 1171 of the Civil Code. This is the doctrine announced in various decisions rendered by the Supreme Court of Spain.

We adjudge that we should declare, and do declare, that the Municipal Court of Mayagüez has jurisdiction to hear and determine the suit instituted by Ulises Coca y Vidal against Federico Gatell, and order that all the papers in said case, duly certified, be accordingly forwarded to aforesaid court, and that the Municipal Court of Fajardo be notified of this decision. Costs will be borne by the Government.

Messrs. Chief Justice Quiñones, and Associate Justices Hernández, Figueras and MacLeary, concurring.